RECTOR et al. OF CHURCH OF TRANSFIGURATION IN CITY OF NEW YORK v. RECTOR et al. OF ST. STEPHEN'S PROTESTANT-EPISCOPAL CHURCH OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

Actions (§ 69*)—Stay—Pendency of Other Action.

The trial of an action at common law for the amount due on a bond secured by a mortgage cannot be stayed pending an appeal by plaintiff from a judgment in equity for defendant for the cancellation of the restrictive covenant in the mortgage, merely because defendant, if finally successful in equity, will be put in a position to raise the money to pay the debt by a sale of the property.

[Ed. Note.—For other cases, see Actions, Cent. Dig. § 745; Dec. Dig. § 69.*]

Appeal from Special Term, New York County.

Action by the rector and others of the Church of the Transfiguration in the City of New York against the rector and others of the St. Stephen's Protestant-Episcopal Church of the City of New York. From an order staying the trial of the action, plaintiffs appeal. Reversed.

See, also, 124 App. Div. 919, 108 N. Y. Supp. 1145.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles Blandy, for appellants.

Arthur O. Townsend, for respondents.

SCOTT, J. This is an appeal from an order staying the trial of this action until 10 days after the entry of an order determining the final appeal by the plaintiff herein from a judgment obtained against it in another action wherein the defendant herein is plaintiff. Both plaintiff and defendant are religious corporations whose relations have become so strained as to lead them at the present moment into active hostility. The defendant owns and occupies for church purposes a plot of land and a building which formerly belonged to plaintiff by whom it was sold to one Quintard, who afterwards conveyed it to defendant. As part consideration Quintard executed and delivered to plaintiff a bond and mortgage for $50,000, which defendant assumed and agreed to pay.

This is a common-law action to recover the amount due upon the bond, no attempt being made to foreclose the mortgage. The deed from Quintard to plaintiff contained a restrictive covenant forbidding the use of the property for other than church purposes. The defendant, claiming that the covenant is, for certain reasons, unenforceable, and alleging that its existence prevents the raising of money by means of a mortgage upon the property, either to pay off plaintiff's debt, or to make needed extensions and improvements of the church, has commenced an action in equity for the cancellation of the restrictive covenant. This action has resulted in a decree in favor of the present defendant, which is now on appeal to this court and which will undoubtedly be carried further, if affirmed here. The effect of the order ap-

pealed from is to stay the further prosecution of this action until the final determination of the pending appeal from the decree in the equity action, and of any further appeal that may be taken. The ground upon which it is sought to sustain the present order is that the final outcome of the equity action will be determinative of the present action. This, however, is not strictly true. The issues in this action and in the equity are quite different, and it is possible that plaintiff might succeed in this action, and the present defendant, at the same time, succeed in the equity action in which it is plaintiff. The most that can be said is that, if this defendant finally succeeds in its equity action, it will be put in a position to raise money wherewith to pay its debt to this plaintiff. This is not sufficient to warrant a stay of this common-law action. The plaintiff is strictly within its legal right in insisting upon the enforcement of its bond, and is not to be stayed merely because the defendant hopes in the event of a successful result of another action to be able to avert the consequences which it apprehends from the outcome of this action.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied with $10 costs. All concur.